931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Christopher Lincoln MARTINEZ, Petitioner-Appellant,
v.
Dareld KERBY, Respondent-Appellee.
 No. 90-2237.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Christopher L. Martinez appeals the denial of his petition under 28 U.S.C. Sec. 2254 challenging his conviction in New Mexico state court on three counts of assisting escape under N.M.Stat.Ann. 30-22-11. The evidence at trial showed that he was contacted some three weeks after three prisoners, one of whom was his brother-in-law, escaped from a New Mexico prison, and that he transported the escaped prisoners from Santa Fe to Albuquerque and provided other assistance. He characterizes the questions involved in his appeal under four categories, as follows:
 
 
 3
 Whether or not the United States District Court erred in applying the ex post facto review to the Petitioner's claim of improper charging with the offense of assisting escape.
 
 
 4
 Whether or not the United States District Court erred in applying the due process review to the Petitioner's claim of improper charging with the offense of assisting escape.
 
 
 5
 Whether or not the State of New Mexico and its Courts denied the Petitioner's protection against ex post facto laws with its judicial enlargement of the statute of assisting escape to include his conduct.
 
 
 6
 Whether or not the State of New Mexico and its Courts denied the Petitioner's guarantee of due process of law with its deviation from statutory interpretation.
 
 
 7
 Despite this characterization, the four arguments amount simply to an ex post facto or due process (notice) challenge to the constitutionality of the state court's determination that the crime of escape under the New Mexico statute applies to petitioner's conduct. Petitioner argues that because the prisoners had already extricated themselves from the penitentiary before he knew about their escape and became involved in helping them avoid apprehension, and because the New Mexico statute previously had never been interpreted to apply to one who aids people already out of custody, the statute failed to provide him notice of the illegality of his acts of assistance. Hence, petitioner contends, the state court's decision that the statute did apply violated petitioner's due process rights, or amounted to an ex post facto judicial extension of the statute which we should strike down. See Bouie v. City of Columbia, 378 U.S. 347 (1964); Devine v. New Mexico Dep't of Corrections, 866 F.2d 339 (10th Cir.1989). Petitioner argues that the proper crime with which he might have been charged would be harboring or aiding a felon, which excludes harboring a relative such as his brother-in-law. N.M.Stat.Ann. 30-22-4. Thus petitioner argues that at most he was guilty of two counts of harboring or aiding a felon instead of three counts of assisting escape.
 
 
 8
 The New Mexico Court of Appeals treated the issue of the application of the "assisting escape" statute to aiding persons who had already secured their freedom from custody as one of first impression in New Mexico. State v. Martinez, 109 N.M. 34, 781 P.2d 306, 307-08 (N.M.App.1989). The court construed escape to be a continuing crime, as long as the prisoners are at large, and the statute as applicable to one who comes onto the scene after the prisoners are at large and helps them avoid apprehension. Id. at 308-09. In reaching this conclusion the court determined that was the legislature's intent, and it followed decisions in two other states. Id. at 308-10. One court of appeals justice dissented from this interpretation. Id. at 313-15 (Chavez, J., dissenting). The Supreme Court of New Mexico denied certiorari. R. tab 3, exh. 11.
 
 
 9
 We must start from the premise that the appellate courts of a state, particularly the state's highest court, are the final arbiters of the meaning of a state criminal statute. Federal constitutional concerns come into play only if we can say with some certainty that the decision was an unforeseeable judicial enlargement, operating like an ex post facto law. See Bouie, 378 U.S. at 352; Coleman v. Saffle, 869 F.2d 1377, 1385 (10th Cir.1989), cert. denied, 110 S.Ct. 1835 (1990). The New Mexico courts had not previously interpreted the statute to exclude conduct like that of the petitioner, and the opinion in petitioner's case was consistent with the construction of similar statutes in similar factual circumstances by courts in other states. Thus petitioner had no reason to be unduly surprised by the New Mexico Court of Appeals' determination in his case. Moreover, petitioner had to know that his behavior was unlawful. Therefore we agree with the magistrate and district court that the interpretation was not so unforeseeable as to constitute a failure to give notice of the criminal nature of petitioner's actions, as required by the Due Process Clause, or to amount to an ex post facto law by judicial fiat.
 
 
 10
 AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3